*In re* B. F. MILLER, *Bankrupt.*

(Filed March 3, 1904.)

1. **PETITION DISMISSED—Appeal Bond to be Filed, When.** Where an order is made dismissing an involuntary petition in bankruptcy without adjudication, before an appeal to this court can be perfected from such order of dismissal, an appeal bond must be given, approved and filed in the trial court.

2. **APPEAL AND APPEAL BOND—Record Must Show What.** The record in such case in this court should recite the fact that such bond was given, filed and approved, and, if it fails to do so, the appeal will be dismissed on motion.

3. **RECORD PRESENTS NO ERROR ARISING ON EVIDENCE, WHEN.** Where the record in this court in a case on appeal does not show that it contains all the evidence presented at the hearing below, it presents no error that can be reviewed by this court arising upon a question of evidence.

(Syllabus by the Court.)

*Error from the District Court of Caddo County; before F. E. Gillette, Trial Judge.*

*R. N. McConnell* and *Chambers & Weaver,* for plaintiff in error.

*Shartel, Keaton & Wells,* for defendants in error.

Opinion of the court by

PANCOAST, J.:   This was an action in bankruptcy, commenced in the district court of Caddo county, by Slaydem-Kirksey Woolen Mills, of Waco, Texas, Carroll, Brough & Robinson, and Eskridge & Cheatham, of Oklahoma City, on July 11, 1902, filing an involuntary petition in bankruptcy against B. F. Miller, of Bridgeport, Oklahoma, asking that Miller be declared a bankrupt, because of having committed certain acts of bankruptcy alleged therein.   At the time of filing the petition, on application a receiver was appointed to take charge of the bankrupt's property.   A restraining order was also issued in the   case,   restraining the Alton-Dawson Mercantile Company   and   one C. J. Tuohy, their agent, from selling the property alleged to be the property of the bankrupt, and which the Alton-Dawson Mercantile Company held under a chattel mortgage from B. F. Miller. The order directed the receiver to take immediate charge of the assets of Miller, including the mortgaged property.   On July 14, 1902, the Alton-Dawson Mercantile Company filed an application to dissolve the restraining order, and the order appointing the receiver, and praying that such order be set aside.   In this application, they made a showing of their claim, and the conditions under which they held the property covered by their mortgage.

A hearing was had upon said application, and on the 18th day of July, 1902, the court dissolved the injunction and set aside the order appointing the receiver, and ordered the property held by the receiver to be returned.

On the 23rd of July, 1902, the Alton-Dawson Mercantile Company, claiming to be a creditor of B. F. Miller, entered

an appearance in the action, and asked to be heard in opposition to the prayer of the petition, and to be allowed to show why the petition should be dismissed without an adjudication; and among other reasons alleged why adjudication should not be made, was that the petitioning creditors filing the petition did not in the aggregate have provable claims against Miller in the amount of five hundred dollars. This application was verified, and was heard on August 8, 1902. All parties being present, after hearing the evidence and argument of the counsel, the court sustained the application, and dismissed the petition. The petitioners, feeling aggrieved, pray an appeal to this court.

A motion has been filed to dismiss this appeal for various reasons, which have been argued at length, some of which are probably well founded. To notice them in detail, however, would require an opinion of great length, far greater, we think, than the nature of the case warrants. We will, therefore, pass some of the propositions contended for without notice, and mention only those which we deem of most importance, and as decisive of the case, calling attention to one only, which, as the record stands, is sufficient to warrant a dismissal, but which might probably have been cured had the appellant exerted as much energy in bringing to this court a proper record, as he has in laboring to convince this court that the imperfect record is sufficient to enable us to review the errors complained of.

The question arises upon the giving of an appeal bond, which appellee claims has not been given because the record does not disclose it. It is conceded, and properly so, that before an appeal can be allowed or perfected in a case like the

*In re.* B. F. Miller.

one at bar, an appeal bond must be given and approved, the court fixing the amount, and the same filed and made a part of the record in the case. The bond, however, being given in the trial court, the record, in order to be perfect, should recite that such bond has been given, approved and filed.

The record in this case is entirely silent upon this point, and instead of the appellent suggesting a diminution of the record, and having the clerk certify to this court the record showing the bond to have been properly given and approved, he asserts that the bond was given, and argues that this court should presume it to have been given, because the court below would not have issued a citation without having first approved the bond.

It seems strange to what extent counsel will labor to direct an appellate court around and over by a circuitious route to arrive at a conclusion that should be easily reached and made certain with one small part of the energy exerted.

The law requiring the appeal bond to be taken in the trial court, the only way that this court can ascertain the fact that an appeal bond has been given is by an examination of the record on file. If the record is silent on this point, and does not affirmatively show what is required, it is imperfect, and, unless the record is perfected by certifying the omitted parts to this court, which duty devolves upon the appellant, the cause on motion should be dismissed. However, if the appeal should be dismissed without having been heard upon its merits, possibly a new citation might be had and the appeal perfected, and for that reason alone we pass this proposition without further comment, to deal with one including more of the merits of the case.

Upon the application of the Alton-Dawson Mercantile Company to dismiss the petition in bankruptcy without adjudication, the record shows by the journal entry of the court that evidence was introduced upon the hearing, and the court, after hearing the evidence and arguments of counsel, being fully. advised in the premises, found that the petition should be and the same was dismissed, for the reason that the petition, together with the proof of claims, did not show facts sufficient to entitle the petitioners to an adjudication in bankruptcy. In other words, that the petitioners' claims did not, in the aggregate, amount to five hundred dollars, unless there was included the sum of one hundred and seventy dollars, which the petitioners allege they had received, and which they say was an unlawful preference under the bankruptcy law, and which they offered to return and refund.

There is no statement in the petition of any fact that would enlighten the court as to the nature of what is termed the "unlawful preference" which is offered to be returned. The statement is more of a conclusion than of a fact. The petition should have shown facts sufficient to make it appear from a reading of it that the payments made were of .such a character as to constitute preferences under the law, and, not only that, but of such a character as to constitute such a preference as, when refunded, would allow the petitioners to participate in the proceedings in bankruptcy, and, by refunding the preferences, prove their claims against the estate.

It seems that the record shows that with this petition the petitioners filed proof of their claims, but what this proof of claims shows is impossible to be determined by this court, because the record does not contain such proof of claims. They are not included in the record.

Counsel for appellant concede that the record is imperfect in this particular, and concede that without the proof of claims being included in the record, there is nothing to show to this court the facts in relation to the nature of the preferences spoken of, but try to avoid such defect by hiding behind the claim that they are not responsible for it; that it was the duty of the clerk to certify to this court that part of the record, they having included it in their precipe.

Counsel, however, are mistaken, for the precipe does not contain any request for the clerk to certify that part of the record. The record contains every paper included in the precipe. This defect might possibly also have been avoided if proper steps had been taken to perfect the record, but no attempt whatever has been made to do so, notwithstanding the attention of appellant has been called to the defect ever since June 17th, when the appellee's brief was filed.

As was held in a case recently decided by this court (*In re French and Holmes*), a record that does not show that it contains all the evidence will present no error that can be reviewed by this court arising upon a question of evidence. There is nothing in the record here that will enable this court to review the action of the trial court upon this proposition. From the journal entry it is conclusively shown that the court heard evidence, but what that evidence was we cannot determine, as no part of it is included in the record.

While the reason that the trial court assigned for the dismissal of the petition was that the petition, together with the proof of claims, did not show facts sufficient to entitle the petitioners to an adjudication, yet there may have been other evidence offered by the respective parties, and, in that

event, if the court had based its conclusions upon an erroneous ground, yet if there was other evidence heard which would sustain the conclusions reached, the judgment of dismissal should stand.

Having carefully examined all propositions ·contended for, and the record presenting no error, the judgment of the trial court is affirmed.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.